FILED

2009 JUN -1 PM 4:07

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK TROPIO,<br><br>　　　　　　　　　　　　Plaintiff,<br>vs.<br><br>DIXIELINE BUILDERS FUND CONTROL, INC., a California corporation, and DOES 1 through 5 inclusive,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 08cv2412 BEN (JMA)<br><br>**ORDER REMANDING CASE TO STATE COURT AND MOOTING OTHER PENDING MOTIONS**<br><br>[Doc. Nos. 6, 11, 16] |

. This matter is before the Court upon Plaintiff's Motion to Remand to State Court. (Doc. No. 6.) Because the Court lacks subject-matter jurisdiction, the Court **GRANTS** Plaintiff's Motion and **REMANDS** the action to state court under 28 U.S.C. § 1447(c).

I

**BACKGROUND**

Defendant was a client of First Republic Bank ("FRB"), where Plaintiff formerly worked. (Compl. ¶¶ 9, 11, 20.) Defendant allegedly maintained several multimillion-dollar demand accounts with various banks, including FRB. (*Id.* ¶ 1.) According to Plaintiff, over a number of years Defendant submitted "sham" invoices for payment by FRB, engaging in an "illegal scheme" with FRB to violate federal banking law, namely, 12 U.S.C. § 371a and 12 C.F.R. § 217 et seq. ("Regulation

Q").[1] (*Id.* ¶¶ 1, 13.) Plaintiff maintains that, when he discovered, opposed, and "blew the whistle" on Defendant's illegal scheme upon receiving these "sham" invoices, Defendant caused the termination of his employment with FRB. (*Id.* ¶ 1.) Plaintiff thereafter filed a Complaint against Defendant in San Diego County Superior Court on November 7, 2008, alleging (1) defamation; (2) intentional interference with contractual relations; (3) intentional interference with prospective economic advantage; and (4) unfair competition in violation of Cal. Bus. & Prof. Code § 17200.

On December 30, 2008, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441(b), stating that "[t]he resolution of plaintiff's claims . . . necessarily depends upon the interpretation of a substantial question of federal law, namely, whether [Defendant] violated 12 U.S.C. § 371a or 12 C.F.R. § 217 et seq." (Doc. No. 1 ¶ 4.) On January 28, 2009, Plaintiff moved to remand to state court pursuant to 28 U.S.C. § 1447(c), asserting that Defendant's Notice of Removal was untimely and that Plaintiff's claims do not arise under the Constitution, laws, or treaties of the United States. (Doc. No. 6.) Plaintiff also requested attorneys' fees. (*Id.*) On March 6, 2009, Plaintiff amended the Complaint to eliminate the cause of action under Cal. Bus. & Prof. Code § 17200. (Doc. No. 26.)

## II

## DISCUSSION

An action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). The removal statute is "strictly construe[d] . . . against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal . . . ." *Id.* "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

---

[1] Federal Reserve Regulation Q provides: "No member bank of the Federal Reserve System shall, directly or indirectly, by any device whatsoever, pay any interest on any demand deposit." 12 C.F.R. § 217.3; *see also* 12 U.S.C. § 371a. Earnings credits are used to offset fees but may not be paid as interest on demand deposits. *Van de Kamp v. Bank of Am.*, 251 Cal. Rptr. 530, 539 (Ct. App. 1988). According to the Complaint, Defendant submitted invoices "for payment by FRB to capture unused or excess 'earnings credits'" and conspired with FRB and other banks "to execute an illegal kick-back scheme in violation of" 12 U.S.C. § 371a and Regulation Q. (Compl. ¶¶ 13, 15.)

1 | Federal courts have "original jurisdiction" over "all civil actions arising under the Constitution,
2 | laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a
3 | plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or
4 | that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal
5 | law in dispute between the parties." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for
6 | S. Cal.*, 463 U.S. 1, 13, 27-28 (1983); *see also Empire Healthchoice Assurance, Inc. v. McVeigh*, 547
7 | U.S. 677, 689-90 (2006). "[P]ost-removal amendments to the pleadings cannot affect whether a case
8 | is removable, because the propriety of removal is determined solely on the basis of the pleadings filed
9 | in state court." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (per curiam).

10 | With regard to the second category of cases "arising under" federal law, the presence of a
11 | federal issue is not "a password opening federal courts to any state action embracing a point of federal
12 | law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).
13 | "[C]ountless claims can be said to depend in some way on federal propositions, yet not all such cases
14 | 'arise under' federal law." *Hunter v. United Van Lines*, 746 F.2d 635, 645 (9th Cir. 1984). Rather,
15 | to qualify for federal question jurisdiction, a state-law claim must "necessarily raise a stated federal
16 | issue, actually disputed and substantial, which a federal forum may entertain without disturbing any
17 | congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at
18 | 314. In order for a federal issue to be substantial, it must "indicat[e] a serious federal interest in
19 | claiming the advantages thought to be inherent in a federal forum." *Id.* at 313. The absence of a
20 | federal cause of action is a relevant factor to be considered in assessing whether a federal issue is
21 | substantial. *See id.* at 318; *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 811 (1986).

22 | In this case, although Plaintiff's first three claims refer to Defendant's alleged "violation of
23 | Regulation Q" or "violation of federal law," each claim is based solely on state law. Plaintiff's fourth
24 | cause of action under Cal. Bus. & Prof. Code § 17200 alleges that Defendant "has committed acts of
25 | unfair competition . . . , including conspiring with and aiding and abetting FRB and various other
26 | banks in the violation of 12 U.S.C. 371a and Reg. Q." (Compl. ¶ 43.) Defendant's "conduct in
27 | causing the termination of [Plaintiff's] employment with FRB was an integral part of the unlawful
28 | practices and scheme." (*Id.*) State-law claims premised on violations of federal law, however, do not

automatically create federal jurisdiction. *See Grable*, 545 U.S. at 319 (noting that "[a] general rule of exercising federal jurisdiction over state claims resting on federal . . . statutory violations would . . . have heralded a potentially enormous shift of traditionally state cases into federal courts"). Because Plaintiff's claims are premised primarily on state-law issues, the Court finds that the federal issues mentioned in the Complaint are not substantial so as to make the action arise under federal law. *See Merrell Dow Pharms., Inc.*, 478 U.S. at 814 n.12 (noting that claim based on federal law "is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction or effect of such a law, upon the determination of which the result depends").

Defendant has failed to establish a "compelling federal judicial interest in embracing this case as a federal question." *Campbell v. Aerospace Corp.*, 123 F.3d 1308, 1315 (9th Cir. 1997) (per curiam). The Court, therefore, finds that Defendant has not met its burden of showing that removal was proper on the basis of federal-question jurisdiction. In light of the "strong presumption" against removal jurisdiction, the Court **REMANDS** the action to state court. *See Gaus*, 980 F.2d at 566.[2]

Plaintiff also requests $5,568.50 in attorneys' fees associated with the removal. An order remanding a case to state court may require the removing party to pay the other party's costs, including attorneys' fees, incurred as a result of the removal. *See* 28 U.S.C. § 1447(c). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Here, the Court finds that Defendant's removal was not objectively unreasonable. Given that Plaintiff referenced federal law throughout his four claims, Defendant's argument that Plaintiff's

---

[2] Plaintiff also argues that Defendant's Notice of Removal was not filed within the thirty-day requirement of 28 U.S.C. § 1446(b). However, "[t]he statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional." *Fristoe v. Reynolds Metal Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (per curiam). Further, the Court has found other defects in the removal showing that the Court does not have subject-matter jurisdiction. The Court, therefore, declines to address this issue and instead remands on jurisdictional grounds.

1  claims necessitated resolution of a federal issue was reasonable, though not meritorious. (*See* Compl.
2  ¶¶ 13-15, 18-19, 21, 23-24, 28, 32-33, 39, 43-44.) Accordingly, Plaintiff's request for attorneys' fees
3  is **DENIED**.

### III
### CONCLUSION

Because the Court lacks subject-matter jurisdiction, Plaintiff's Motion to Remand to State Court is **GRANTED**. The case is **REMANDED** to San Diego County Superior Court under 28 U.S.C. § 1447(c). Plaintiff's request for attorneys' fees is **DENIED**. All other pending motions are **DENIED** as **moot**. The Clerk shall mail a certified copy of this Order to the state court.

**IT IS SO ORDERED.**

DATED: 6/01/09

HONORABLE ROGER T. BENITEZ
UNITED STATES DISTRICT JUDGE